772 F.2d 16
 Fed. Sec. L. Rep. P 92,307
Benjamin G. SPRECHER, Plaintiff-Appellant,
v.
Thomson VON STEIN, John M. Fedders, Richard Marshall, John
S.R. Shad, James C. Treadway, Jr., Charles C. Cox, Charles
L. Marinaccio, Aulana L. Peters, John and Jane Doe 1-10 and
United States Securities and Exchange Commission,
Defendants-Appellees.
 No. 144, Docket 85-6146.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 28, 1985.
Decided Sept. 20, 1985.
 
 Whitney North Seymour, Jr., New York City (Brown & Seymour, Claude P. Bordwine, New York City, of counsel), for plaintiff-appellant.
 Linda D. Fienberg, Washington, D.C. Associate Gen. Counsel, S.E.C. (Daniel L. Goelzer, Gen. Counsel, Paul Gonson, Sol., Ruth E. Eisenberg, Sp. Counsel, John E. Birkenheier, Atty., Washington, D.C., of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, KEARSE and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Benjamin G. Sprecher appeals from an order of Chief Judge Jack B. Weinstein of the Eastern District of New York dismissing his complaint for injunctive, monetary and declaratory relief against the Securities and Exchange Commission (SEC), its members, and certain of its officials, and granting summary judgment for the defendants. This marks appellant's fourth attempt to obtain relief for alleged SEC misconduct in the conduct of an investigation. See Sprecher v. Graber, 716 F.2d 968 (2d Cir.1983); SEC v. Knopfler, 658 F.2d 25 (2d Cir.1981), cert. denied, 455 U.S. 908, 102 S.Ct. 1255, 71 L.Ed.2d 446 (1982); SEC v. Sprecher, 594 F.2d 317 (2d Cir.1979) (per curiam).
 
 
 2
 The disposition of this appeal is in large part governed by our decision in Graber, supra. Thus, appellant contends that the district court erred in dismissing his complaint and granting summary judgment against him on his request that the court "supervise" the SEC's conduct of its investigation. Summary judgment was proper on this claim, since the district court was without jurisdiction to award such relief. A district court has no jurisdiction to award non-monetary relief against an agency on a claim that it is conducting an improper investigation where another statute provides an exclusive avenue of redress, or where the action complained of is committed to agency discretion. Graber, 716 F.2d at 974. The exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding under 15 U.S.C. Sec. 78u(c), Graber, 716 F.2d at 975, which appellant waived by voluntarily answering the only subpoena ever addressed to him in the inquiry.
 
 
 3
 The district court also correctly dismissed appellant's claims for damages against the SEC, its commissioners and the individual SEC officials involved in the inquiry. Sovereign immunity bars appellant's claim for money damages against the SEC itself, since appellant could not avail himself of the exclusive waiver of immunity for damages contained in the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671-80, which does not permit monetary claims against federal agencies. Graber, 716 F.2d at 973. Moreover, the officials sued by appellant were undertaking an investigation authorized by the federal securities laws, see 15 U.S.C. Sec. 78u(a). Accordingly, the individual defendants were immune from appellant's common-law tort damage claims since their conduct fell within the "outer perimeter" of their official duties. Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959), cited in Graber, 716 F.2d at 975. Moreover, as government officials performing discretionary functions, the individual defendants were shielded from civil liability on appellant's constitutional claims for damages since appellant did not show that their actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 182 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).
 
 
 4
 Sprecher does make a claim, not raised in our earlier cases involving him, that the SEC's practices were intended to systematically destroy his practice as an attorney by driving a wedge between Sprecher and his clients. If substantiated, these allegations would raise non-frivolous constitutional questions. Appellant's claims of improper motive, however, are too speculative and conclusory to overcome the immunity afforded by Barr and Harlow. Sprecher's papers do not deny that he acted not only as counsel to various issuers, but in other capacities as well. The SEC order of investigation named him not only in his role as lawyer for several companies issuing securities, but also as an officer, promoter or director. Moreover, lawyers do not enjoy any special immunity from investigation merely by virtue of their status as counsel to organizations in the process of issuing securities.
 
 
 5
 Appellant claimed below that the timing of the SEC's order showed that it was issued in order to retaliate against him for bringing this action. He argued further that an SEC vendetta against him and his practice could be inferred from the focus of the inquiry on him and his clients, and the fact that the order of investigation mentioned only him by name. Detailed SEC affidavits, however, indicated that the agency followed its customary procedures for inquiring into possible violations of the securities laws, and singled out appellant only to the extent he appeared to be the common link in a pattern of suspected abuses. Against this backdrop, we agree with the district court that appellant's charges of SEC vindictiveness were so insubstantial as to present no disputed issue of material fact concerning the immunity of the individual defendants.
 
 
 6
 We have considered all of appellant's arguments and find them to be without merit.
 
 
 7
 Affirmed.