SUMMARY ORDER
Respondent-Appellant Christopher Finazzo appeals from two separate orders of the United States District Court for the Southern District of New York, issued in two separate actions, concerning the validity of an administrative subpoena issued by the Securities and Exchange Commission (“SEC”) in response to public disclosures by Finazzo’s former employer — Aéropostale, Inc., (“Aéropostale”) — based upon allegedly privileged and misappropriated information. By the first order, the district court (Harold Baer, Jr., Part I Judge) granted the SEC’s application to enforce its administrative subpoenas directed at Finazzo and South Bay. SEC v. Finazzo (“SEC”), 543 F.Supp.2d 224, 225 (S.D.N.Y.2008). By the second order, the district court (Richard J. Sullivan, Judge) dismissed a related action by Finazzo for declaratory and injunctive relief prohibiting the SEC from, inter alia, “ ‘using any information that was obtained directly or indirectly from any privileged sources’ in connection with the SEC’s investigation of Finazzo.” Finazzo v. SEC (“Finazzo”), No. 08 Civ. 2176, 2008 WL 3521351, at *1, 2008 U.S. Dist. LEXIS 62928, at *1 (S.D.N.Y. Aug. 8, 2008).
We assume the parties’ and counsel’s familiarity with the facts and procedural history of the cases, the opinions below, and the issues presented on this appeal.
To establish that an administrative subpoena is prima facie valid and thereby entitled to judicial enforcement pursuant to 15 U.S.C. § 78u(c), the SEC “must show [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not *171 already within the Commissioner’s possession, and [4] that the administrative steps required have been followed.” RNR Enters., Inc. v. SEC, 122 F.3d 93, 96-97 (2d Cir.), cert. denied sub nom., Wells v. SEC, 522 U.S. 958, 118 S.Ct. 386, 139 L.Ed.2d 301 (1997) (internal quotations and modifications omitted). A subpoena may not be enforceable, however, where the target of the subpoena demonstrates that the investigation is “of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power,” is unreasonable, or was issued in bad faith or for an improper purpose, or that compliance would be unnecessarily burdensome. RNR Enters., 122 F.3d at 97.
Judge Baer did not err in concluding that the SEC had met its burden of demonstrating that the subpoena was prima facie valid. See SEC, 543 F.Supp.2d at 227. Similarly, Judge Baer did not err in concluding that Finazzo had not met his burden of demonstrating that the subpoena was unreasonable, issued in bad faith or for an improper purpose, or that compliance was unnecessarily burdensome. See id. Finazzo’s “sole argument” before the district court was that “the alleged violations of attorney-client privilege by Aéropostale [and its agents] ‘tainted’ the [SEC’s] investigation.” Id. He insisted that the information that served as the basis of the SEC’s interest in him was “fruit of the poisonous tree.” Id. at 228. Finazzo attempts to transplant the “fruit of the poisonous tree” doctrine — a doctrine of criminal law regarding the suppression of evidence as a result of police misconduct — to his situation.[1]
But as Judge Baer noted, the “admission or suppression of evidence is not before the Court in this subpoena enforcement proceeding.” Id. The SEC’s case against Finazzo, if any, is pre-indictment, and Finazzo will have an opportunity post indictment to litigate issues relating to the admissibility of relevant evidence. Even in criminal cases, where protections are normally greater than in the civil context, a potential defendant is given few opportunities to challenge the nature of the investigation pre-indictment. For example, the Supreme Court recognized in United States v. Calandra that “[b]ecause the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial.” 414 U.S. 338, 349, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). For this reason, the Supreme Court rejected a party’s attempt to invoke the exclusionary rule during grand jury proceedings because “[suppression hearings would halt the orderly progress of an investigation and might necessitate extended litigation of issues only tangentially related to the grand jury’s primary objective” the “probable result [of which] would be protracted interruption of grand jury proceedings, effectively transforming them into preliminary trials on the merits.” Id. (internal quotations and citation omitted).
The analogous rule in the civil context is similar. See, e.g., FTC v. Texaco, Inc., 555 F.2d 862, 879 (D.C.Cir.) (noting that “[a]s *172 a general rule, substantive issues which may be raised in defense against an administrative complaint are premature in an [subpoena] enforcement proceeding” because “[i]f parties under investigation could contest substantive issues in an enforcement proceeding, when the agency lacks the information to establish its case, administrative investigations would be foreclosed or at least substantially delayed”), cert. denied, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977).
As noted, Finazzo has failed to make an evidentiary showing to rebut the SEC’s prima facie case. He proffers no evidence regarding any egregious or bad-faith governmental conduct, nor does he claim that the subpoenas improperly seek privileged information or are unduly burdensome.
The central alleged wrongdoing was by Aéropostale and its agents, not the SEC. To the extent that Finazzo was wronged by Aéropostale, he might be able to seek compensation from that entity. In fact, as Finazzo has noted, Aéropostale and he have already reached a confidential accommodation. Moreover, to the extent that Aéropostale acted as a de facto government agent, cf. United States v. Stein, 541 F.3d 130 (2d Cir.2008), Finazzo will have the opportunity to explore these issues should he ever be indicted.
We also affirm Judge Sullivan’s order of dismissal of Finazzo’s declaratory judgment action. We have concluded that “SEC investigations are authorized ‘in its discretion’ by 15 U.S.C. § 78u(a),” Sprecher v. Graber, 716 F.2d 968, 974 (2d Cir.1983), and that “[t]he exclusive method for testing the validity of the SEC’s investigatory motives or methods is a contested subpoena enforcement proceeding under 15 U.S.C. § 78u(c),” Sprecher v. Von Stein, 772 F.2d 16, 18 (2d Cir.1985) (emphasis added). Under these circumstances, Judge Sullivan correctly concluded that Fi-nazzo “may not attempt an end run around [Judge Baer’s] ruling by pursuing this separate action.” Finazzo, 2008 WL 3521351, at *4, 2008 U.S. Dist. LEXIS 62928, at *11.
For the foregoing reasons, the orders are hereby AFFIRMED.

. As a general rule, tangible evidence derived from unconstitutional police conduct, even if seized pursuant to a warrant, must be suppressed. Murray v. United States, 487 U.S. 533, 536-37, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). However, the "taint” of the illegal action may be purged where evidence supporting the seizure has a source independent from the illegal conduct, or where the causal link between the offensive police conduct and the evidence is attenuated. See Wong Sun v. United States, 371 U.S. 471, 487, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).